FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:21-CV-03061-SAB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are cross-motions for summary judgment. ECF Nos. 15, 16. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Sarah Moum and Timothy M. Durkin.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1**

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## I.    Jurisdiction

On December 31, 2018, Plaintiff filed an application for supplemental security income. Plaintiff alleged a disability onset date of January 1, 2001. At the hearing, Plaintiff amended her alleged onset of disability to the filing date of her application.

Plaintiff's application was denied initially and on reconsideration. On October 3, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 26, 2020, Plaintiff appeared and testified at a video hearing held before ALJ Raymond Souza. DT North, vocational expert, also appeared by telephone. The ALJ issued a decision on September 23, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on March 2, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 26, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~3

conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance,"

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~4

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) Frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was 35 years old on the date the application was filed. She attended school through the eighth grade. She has worked for brief periods as a pizza prep cook and a motel housekeeper. Plaintiff has anxiety that causes vomiting, panic attacks and tunnel vision. She has difficulty being around other people and grocery shopping.

Plaintiff has suffered from drug addiction in the past but has been clean and sober since 2017. She also has criminal history and has spent time in jail. She completed her latest probation in 2018. She began mental health treatment after she was released and living in a sober house.

## V. The ALJ's Findings

On September 23, 2020, the ALJ issued an opinion affirming denial of benefits.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 31, 2018. AR 18.

At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, posttraumatic stress syndrome (PTSD), gastroesophageal reflux disease (GERD), and asthma. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> medium work as defined in 20 CFR 416.967(c) except the claimant must have no exposure to poorly ventilated areas, no use of hazardous machinery, or exposure to unprotected heights. The claimant is able to remember, understand, and carry out simple and routine instructions

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

and tasks consistent with the learning and training requirements of SVP levels 1 and 2 type jobs. She is limited to only occasional changes in the work setting. She can have only occasional interaction with the general public, coworkers, and supervisors.

AR 23.

At step four, the ALJ found that Plaintiff has no past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including auto detailer, hand packager, and cleaner II. AR 30.

## VI. Issues for Review

(1) Whether the ALJ properly assessed Plaintiff's symptom testimony.

(2) Whether the ALJ properly assessed the medical opinion evidence.

## VII. Discussion

(1) *Whether the ALJ properly assessed Plaintiff's symptom testimony*

The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Specifically, the ALJ believed that Plaintiff's description of her symptoms was out of proportion with her performance on the mental status examinations. The ALJ relied on the fact that in contrast to Plaintiff's allegations and testimony of extremely limiting mental health symptoms, the notations in her treatment records showed only minimal psychiatric difficulties. The ALJ concluded that Plaintiff's relatively benign presentation did not corroborate her description of marked/severe social, cognitive, and mental dysfunction. The ALJ further noted that Plaintiff's treatment records show little evidence of ongoing treatment for her mental complaints, they show that she improved with minimal intervention, and her responsiveness to minimal treatment was inconsistent with her allegations. The ALJ noted that

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

Plaintiff's testimony and statements to providers has come across as very exaggerated and at times evasive. The ALJ concluded the intensity and persistence of her symptoms are less limiting that alleged. Finally, the ALJ noted that some of her stressors were situations, which appeared to be eliminated when she moved into a new residence.

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of that symptom. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ provided clear and convincing reasons for his findings. The

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

ALJ reviewed Plaintiff's symptom allegations and found they were not entirely consistent with the evidence of record, including her own reports, clinical findings and her treatment history. As such, the ALJ's findings and conclusions regarding Plaintiff's symptom testimony are supported by substantial evidence in the record.

(2) *Whether the ALJ properly assessed the medical opinion evidence*

The ALJ found DSHS psychological examiner, Tasmyn Bowes, PsyD's January 18, 2018 opinion persuasive, but found her later November 2018 opinion that indicated marked limitations was not supported by her mental health examination because it showed greater capabilities than opined. The ALJ noted that Dr. Bowes did not review any records, suggested a possible duration of less than 12 months, and indicated that once situational/essential needs, such as housing, were addressed, vocational training would minimize or eliminate barriers to employment. The ALJ also noted Dr. Bowes's opinion regarding marked limitations was not consistent with Plaintiff's responsiveness to minimal treatment, observations of treating providers, and Plaintiff's statements regarding the limiting effects of her symptoms.

As set forth above, the ALJ must determine the persuasiveness of the medical provider's opinion. The ALJ is responsible for resolving ambiguities in the medical evidence and for translating and incorporating medical opinions into a succinct residual functional capacity (RFC) assessment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (2008).

Plaintiff argues the ALJ did not properly account for Dr. Bowes' opinions of moderate limitation in attendance or maintaining appropriate behavior. The ALJ limited Plaintiff to workplaces with only occasional changes in the work setting and occasional interaction with the public, coworkers, and supervisors, which addresses Plaintiff's anxiety, including her ability to attend work and maintain appropriate behavior. Notably, Dr. Bowes did not state that Plaintiff would miss a certain number of days per month or would be unable to maintain appropriate

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~10**

behavior for a certain amount of time per month.

The ALJ's assessment of Dr. Bowes' opinions are supported by the record. The ALJ properly incorporated Dr. Bowes' limitations set forth in her earlier opinion in the RFC. Additionally, the ALJ's conclusion that Dr. Bowes' later opinion was not persuasive is supported by the record. The ALJ noted that while Plaintiff presented as dysphoric, all other findings were within normal limits. The ALJ noted that just ten days prior to Dr. Bowes' examination where Plaintiff stated her anxiety was "really bad," she told her treatment provider that she felt stable and her anxiety was not bad. The ALJ also relied on the fact that Dr. Bowes suggested a possible duration of less than 12 months and indicated that vocational training would partially minimize or eliminate barriers to employment. This conclusion is consistent with the Social Security Act and regulations.

In sum, substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

5.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the District Court Executive is directed to substitute Kilolo Kijakazi for Andrew M. Saul as the defendant in this suit. See 42 U.S.C. § 405(g).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 2nd day of February 2022.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12